IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 15, 2017 Session

## DIALYSIS CLINIC, INC., ET AL  v. KEVIN MEDLEY, ET AL

**Appeal from the Circuit Court for Davidson County**
No. 14C4843 Joseph P. Binkley, Jr., Judge

_____

### No. M2016-02266-COA-R3-CV

_____

Appellant appeals the denial of its Tennessee Rule of Civil Procedure 24 motion to intervene in the underlying lawsuit. Because the order appealed is not final, this Court has no subject-matter jurisdiction to hear the appeal. Tenn. R. App. P. 3(a). Appeal dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and BRANDON O. GIBSON, JJ., joined.

L. Vincent Williams, Nashville, Tennessee, for the appellant, Outloud! Inc..

Peter C. Sales and Frankie N. Spero, Nashville, Tennessee, for the appellee, Dialysis Clinic, Inc.; L. Vincent Williams, Nashville, Tennessee, for the appellees, Canvas Lounge, 3 Entertainment Group, LLC, Kevin E. Medley, and Kevin Medley, LLC; Samuel L. Felker, Memphis, Tennessee, for appellee Outcentral, Inc.

## OPINION

Appellee Dialysis Clinic, Inc. ("DCI") is the owner of 1703, 1705, 1707, and 1709 Church Street, Nashville (the "Church Street Properties"). In 2004, before DCI purchased the Church Street Properties, its predecessor in interest, Ralph Gordon, conveyed leasehold interests in the Church Street Properties to Ted Jensen and Outloud!, Inc. ("Outloud!," or "Appellant") pursuant to two leases. The first lease, which was executed on February 1, 2004, was between Mr. Gordon, Mr. Jensen, and Outloud! (the "1707/1709 Lease"). The second lease, which was executed on July 1, 2004, was between Mr. Gordon, Mr. Jensen, individually, and d/b/a Outloud! (the "1703/1705

Lease"). Kevin Medley is the sole shareholder of Outloud!. Ted Jensen served as the Secretary and Registered Agent for Outloud! After The 1707/1709 Lease and the 1703/1705 Lease were executed, Mr. Jensen sublet the Church Street Properties to Mr. Medley pursuant to two sublease agreements.

In July of 2012, DCI purchased the Church Street Properties from Mr. Gordon. In conjunction with the purchase, Mr. Gordon assigned the 1703/1705 Lease and the 1707/1709 Lease to DCI. These leases provided for termination of the lease for failure to pay rent. Mr. Jensen and Outloud! failed to make rent payments to DCI. On June 21, 2013, DCI sent notice of termination of the leases to Mr. Jensen and Outloud!

On June 21, 2013, DCI filed unlawful entry and detainer actions (one for each of the Church Street Properties) against Mr. Jensen and Outloud! On August 2, 2013, the general sessions court entered judgments against Mr. Jensen and Outloud! (the "First Action"). The general sessions court awarded judgment for unpaid rent, damages, attorney's fees and costs; DCI was also awarded possession of the Church Street Properties. More than two years after the general sessions court entered judgments in the First Action, Outloud! filed a petition for writ of certiorari, seeking appeal of the general sessions court's judgments in the circuit court. Following dismissal of the petition for writ of certiorari, Outloud! appealed to this Court, and we affirmed the trial court's dismissal of its petition. *Outloud!, Inc. v. Dialysis Clinic, Inc., et al.*, No. M2016-01528-COA-R3-CV, 2017 WL 4004161 (Tenn. Ct. App. Sept. 11, 2017).

On October 14, 2014, DCI filed three separate unlawful entry and detainer actions. The first action was brought against Kevin Medley, to whom Ted Jensen sublet the Church Street Properties. The second and third lawsuits were brought against Canvas 3 Entertainment and Outcentral, to which Mr. Medley sublet the Church Street Properties. These actions were later consolidated and removed to the Circuit Court in November of 2014 (the "Present Action"). On February 26, 2016, DCI filed a motion for summary judgment, which was set for hearing on April 8, 2016. The motion for summary judgment was never heard or adjudicated.

On April 6, 2016, without first seeking leave of court, Outloud! filed its First Intervening Complaint in the Present Action, which intervening complaint was stricken for failure to comply with Tennessee Rule of Civil Procedure 24. Thereafter, on July 12, 2016, Outloud! filed a motion to intervene and a Second Intervening Complaint in the Present Action. DCI opposed the motion on the ground of prior suit pending and failure to satisfy the requirements of Tennessee Rule of Civil Procedure 24. Following a hearing, by order of September 23, 2016, the trial court denied Outloud!'s motion to intervene.

Outloud! appeals and raises the following issues for review as stated in its brief:

1.	Whether Outloud had the right to intervene in the proceedings to defend their property rights and interests in their subleases with Kevin Medley from the claims made by DCI in its declaratory judgment action.
2.	Whether the trial court abused its discretion in denying Outloud permission to intervene in the case when Outloud's intervening complaint contains claims involving the same lease contracts and possessory rights at issue in the main action.
3.	Whether the prior suit pending doctrine is applicable to Outloud's motion to intervene when Outloud's petition for certiorari requests different forms of relief and seeks to protect different interests than Outloud's intervention action.

We do not reach the substantive issues in this case because the order appealed is not final so as to confer subject-matter jurisdiction on this Court.

The instant appeal is not interlocutory in nature, i.e., a non-final order appealed pursuant to Tennessee Rules of Appellate Procedure 9 or 10. Rather, the appeal was brought under Tennessee Rule of Appellate Procedure 3(a), which provides:

(a) Availability of Appeal as of Right in Civil Actions. In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Under Rule 3(a), appeal as of right is only available from a final judgment. A judgment is not final unless it: (1) adjudicates all claims against all parties, or (2) is properly certified as final pursuant to Tenn. R. Civ. P. 54.02.[1] ***In re Estate of Henderson***, 121

---

[1] Rule 54.02 of the Tennessee Rules of Civil Procedure provides as follows:

Multiple claims for relief.-When more than one claim for relief is present in an action, whether as a claim, counter claim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon express direction of the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or

S.W.3d 643, 645 (Tenn.2003); *Andrews v. Fifth Third Bank*, 228 S.W.3d 102, 108 (Tenn.Ct.App.2007). Tennessee Rule of Appellate Procedure 13(b) requires this Court to "consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review. . . ." As noted above, the trial court did not rule on DCI's motion for summary judgment. Furthermore, in its September 23, 2016 order denying Outloud!'s motion to intervene, the trial court does not employ Rule 54.02 language so as to make the order final and appealable. As such, the order is not final so as to confer subject-matter jurisdiction on this Court under Tennessee Rule of Appellate Procedure 3(a). Accordingly, we dismiss the appeal.

The appeal is dismissed, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Outloud!, Inc. and its surety, for all of which execution may issue if necessary.

 

 

_____
KENNY ARMSTRONG, JUDGE

---

the rights and liabilities of fewer than all of the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all of the claims and the rights and liabilities of all the parties.